UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANDRY J. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ATLANTIC CITY POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Civil Action<br>No. 21-5064 (CPO) (MJS)<br><br>**OPINION & ORDER** |

O'HEARN, United States District Judge:

    This matter comes before the Court by way of Plaintiff's Complaint raising claims pursuant to 42 U.S.C. § 1983. The Court has screened[1] the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

    This case arises from Plaintiff's arrest in an underlying criminal case. Plaintiff names Officer Scott M. Sendrick and the Atlantic City Police Department as Defendants in this matter. On May 5, 2019, numerous officers with guns drawn apprehended Plaintiff in response to an alleged assault. (ECF No. 1, at 7.) The officers surrounded Plaintiff and ordered him to place his hands in the air, and Plaintiff complied with those orders. (*Id.*) Despite Plaintiff's surrender, Defendant Sendrick "ran up from behind . . . and applied a chokehold around [Plaintiff's] neck"

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

and flipped him over, causing Plaintiff's right hand to hit a street light pole. (*Id*.)  These actions broke Plaintiff's hand, injured his neck, and bruised his ribs and knee. (*Id*. at 4, 7.)  Plaintiff also suffered a cervical disc herniation and fracture. (*Id*. at 5.)  Ultimately, officers transported Plaintiff to a hospital the next day. (*Id*. at 8.)

According to Plaintiff, the officers attempted to cover up the incident by stating in their reports that Plaintiff "was placed into handcuffs without incident or injury or stating [he] was noncompliant." (*Id*.)  Plaintiff, however, has video footage to show otherwise. (*Id*.)

Plaintiff filed the instant Complaint in March of 2021, raising § 1983 claims against Defendant Sendrick and the Atlantic City Police Department.  To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255–56 (3d. Cir. 1994).  The Supreme Court has established that § 1983's definition of "person" includes municipalities and other local government entities. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).

A plaintiff may not, however, hold a local government entity "liable for the unconstitutional acts of its employees on a theory of *respondeat superior*." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014).  To hold such an entity liable under § 1983, a plaintiff must demonstrate that a local government unit adopted a policy or custom and that such policy or custom had been "the moving force" behind the constitutional deprivation. *See Monell*, 436 U.S. at 694.

Municipal policy generally requires that the local government unit's officers adopt and promulgate a "statement, ordinance, regulation, or decision." *Id.* at 690.  A municipal custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id.* at 691.

Under certain circumstances, a municipality's failure to properly train its officers can amount to a "custom" under § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). When a plaintiff alleges that a policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Thomas*, 749 F.3d at 222 (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).

In the present case, Plaintiff alleges that the Atlantic City Police Department failed to train its officers, in particular, Defendant Sendrick, "on the [purposeful] use of excessive force . . . during arrest[s]." (ECF No. 1, at 4.) Plaintiff claims to have evidence of past excessive force incidents involving Defendant Sendrick, but Plaintiff did not attach that evidence to the Complaint. Plaintiff cannot rely on bare conclusions, *Ashcroft v. Iqbal*, 556 U.S. 662, 676–78 (2009), he must either attach evidence of those incidents or describe the circumstances of those incidents in his Complaint.

Without more, the Court cannot determine whether there was "[a] pattern of similar constitutional violations by untrained employees," at the Atlantic City Police Department. *Connick*, 563 U.S. at 62. Nor is the police department liable solely for employing Defendant Sendrick. Once again, a local government entity is not "liable for the unconstitutional acts of its employees on a theory of *respondeat superior*." *Thomas*, 749 F.3d at 222.

Consequently, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported

merely by conclusory statements," *Iqbal*, 556 U.S. at 676–78, and dismiss Plaintiff's claims against the Atlantic City Police Department, without prejudice, for failure to state a claim. The remainder of the Complaint, *i.e.*, Plaintiff's claims against Defendant Sendrick, may proceed.[2] Accordingly,

IT IS, on this 5th day of January 2022,

**ORDERED** that Plaintiff's claims against the Atlantic City Police Department are DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms; and it is further

**ORDERED** that Plaintiff shall complete the form for the remaining Defendant and return it to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101; and it is further

**ORDERED** that after Plaintiff sends the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint (ECF No. 1), summons, and this Order upon the Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

/s Christine P. O'Hearn  
CHRISTINE P. O'HEARN  
United States District Judge

---

[2] The Court is not expressly or implicitly limiting Defendant's right to assert any potential defenses as he sees fit. Nor is the Court ruling that Plaintiff has established a violation. Instead, the Court is permitting these claims to go forward beyond screening.